IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID GOAD, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| TOMMY ANDERSON; | § | |
| DAVE CAFFEY; | § | |
| ROBERT DELONG; | § | |
| LEO GATES; | § | CIVIL ACTION NO. |
| DARRELL GODFREDSON; | § | |
| FRED HALL; | § | SA-08-CV-0674 FB (NN) |
| JIM HOHLT; | § | |
| MICHAEL MEEKS; | § | |
| TERRY O'MAHONEY; | § | |
| TONY OTTO; | § | |
| LONNIE PENCE; | § | |
| A. PARKER WOOD; | § | |
| RICHARD WILFONG; | § | |
| GUADALUPE COUNTY; | § | |
| GENE MAYES, | § | |
| Guadalupe County Pct. 4 Constable; | § | |
| SHERIFF ARNOLD ZWICKE; and | § | |
| RONALD PATTON, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

**To:**   **Honorable Fred Biery**
**United States District Judge**

This report and recommendation addresses the motion to dismiss filed by defendants

Tommy Anderson, Dave Caffey, Robert Delong, Leo Gates, Darrell Godfredson, Fred Hall, Jim

Hohlt, Michael Meeks, Terry O'Mahoney, Tony Otto, Lonnie Pence, A. Parker Wood, and

Richard Wilfong.[1]  I have authority to make my recommendations pursuant to the district court's order of referral.[2]  After considering the motion and the pleadings on file, I recommend granting the motion in part and denying the motion in part.

<u>Background of the Case</u>.  This lawsuit arose from a dispute between plaintiff David Goad and members of the Zuehl Airport Flying Community Owners Association.  The record indicates the dispute is related to an application for temporary restraining order in *Macivor v. Anderson*, Cause No. SA-08-CV-470, dismissed by U.S. District Judge Orlando Garcia on June 11, 2008.  As in the prior case, Goad complains about a fence which allegedly deprives him of the use of the Zuehl Airfield airport roads, taxiways and runway.  Goad has sued various members of the Zuehl Airport Flying Community Owners Association for the following causes of action: (1) deprivation of property rights under 42 U.S.C. § 1982, (2) violation of civil rights under 42 U.S.C. § 1983, (3) conspiracy to deprive him of his civil rights under 42 U.S.C. § 1985, (4) violation of the federal RICO statute—18 U.S.C. § 1962, (5) violation of the Hobbs Act—18 U.S.C. § 1951, (6) violation of FAA order 5190.6A, and (7) violation of 18 U.S.C. § 32—destruction of aircraft or aircraft facilities.  In addition to the defendants listed above, Goad named Guadalupe County, Constable Gene Mayes, Ronald Patton, and Sheriff Arnold Zwicke as defendants.  For the purpose of simplicity, this report refers to the defendants who filed the motion to dismiss as the "property owners."  The property owners moved to dismiss Goad's civil

---

[1] Docket entry # 35.

[2] Docket entry # 4.

rights claims, RICO claim, and Hobbs Act claim, under Rule 12(b)(6) for failure to state a claim.[3] Because I have scheduled a hearing on Goad's request for injunctive relief for his civil rights claim under section 1983, this report does not recommend a disposition of that claim. The pleadings, however, provide the basis for addressing the remaining claims. My recommendations follow.

      Goad's claim under 42 U.S.C. § 1982. Goad alleges that the property owners have deprived him of his right to hold his real and personal property under section 1982.[4] The property owners argue that this claim should be dismissed because they are not state actors.[5] Although state action is ordinarily required to prevail in a civil rights claim,[6] there is another reason that Goad's section 1982 claim fails to state a claim. Section 1982 "deals only with racial discrimination . . . ."[7] Goad's allegations are not based on race. Consequently, section 1982 is not a proper basis for relief against any named defendant.

      Goad's claim under 42 U.S.C. § 1985. Goad alleges that the defendants have "unlawfully conspired for years to engage in a pattern of criminal behavior for the purpose of devaluing the real property at Zuehl Airfield to their individual benefit . . . [depriving him of his] basic civil

---

[3]Fed. R. Civ. Proc. 12(b)(6) (permitting a defendant to move for dismissal for failing to state a claim upon which relief may be granted).

[4]Docket entry # 6, p. 3-6.

[5]Docket entry # 35, pp. 2-3.

[6]*United Bhd. of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 831 (1983) (explaining that the "Fourteenth Amendment protects the individual against state action, not against wrongs done by individuals").

[7]*Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413 (1968).

rights to own and enjoy property and to conduct business and make a living."[8] The property owners argue that Goad's section 1985 claim should be dismissed because they are not state actors.[9]  Despite this argument, there is another reason this claim should be dismissed.  Like section 1982, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action"[10] for a claim under section 1985.  Goad's allegations are not based on race.  Consequently, section 1985 is not a proper basis for relief against any named defendant.

      Goad's claim under 18 U.S.C. § 1962.  Goad alleges that the defendants have conspired "to devalue property and force aircraft owners and residents to sell or vacate [their property] . . . with a continuing pattern of racketeering activity."[11]  The property owners maintain that this claim fails to state a claim because no criminal enterprise exists and no crimes have been committed.[12]  But that argument ignores the standards that apply to a Rule 12(b)(6) motion.  In considering a motion to dismiss, the court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff.[13]  Goad has alleged enough to survive the motion to dismiss because he has alleged a criminal enterprise exists, as well as numerous

---

[8]Docket entry # 7, p. 2.  *See* docket entry # 6, pp. 3-6.

[9]Docket entry # 35, pp. 2-3.

[10]*United Bdh. of Carpenters and Joiners of Am.*, 463 U.S. at 835.

[11]Docket entry # 6, p. 8.

[12]Docket entry # 35, p. 5.

[13]*In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

alleged criminal offenses on the part of the property owners.[14]

<u>Goad's claim under 18 U.S.C. § 1951</u>.  Goad alleges that the defendants have violated 18 U.S.C. § 1951 by unlawfully restricting interstate commerce by conspiring to devalue property and force aircraft owners and residents to sell their property.[15]  The property owners contend that this claim should be dismissed because section 1951 does not give Goad a private right of action.[16]  The property owners are correct—section 1951 does not give Goad a private right of action.[17]  Consequently, section 1951 is not a proper basis for relief against any named defendant.

<u>Goad's claims under FAA order 5190.6A and 18 U.S.C. § 32</u>.  Goad alleges that the defendants violated FAA order 5190.6A—"Airport Compliance Requirements—and 18 U.S.C. § 32—destruction of aircraft or aircraft facilities.  Although the defendants did not ask for dismissal of claims, but I found no basis for a private cause of action under either of these authorities.  Consequently, dismissal is appropriate.

<u>Recommendations</u>.  I recommend granting the property owners' motion (docket entry # 35) to the following extent:  I recommend dismissal of Goad's claims under 42 U.S.C. § 1982 and 42 U.S.C. § 1985 because Goad's allegations are not based on race, dismissal of Goad's claims under 18 U.S.C. § 1951, FAA order 5190.6A and 18 U.S.C. § 32 because those authorities do not provide Goad with a private right of action.  I recommend denying the motion

---

[14]Docket entry # 6, pp. 8-15.

[15]Docket entry # 6, p. 16.

[16]Docket entry # 35, p. 15.

[17]*See Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (determining that 18 U.S.C. § 1951 provides no private cause of action).

in all other respects.  I do not recommend dismissal of Goad's claim under 18 U.S.C. § 1962 because Goad pleaded enough to survive a Rule 12(b)(6) motion.  I will make a recommendation about Goad's claim under 42 U.S.C. § 1983 after the hearing on Goad's motion for preliminary injunction.  To the extent that Goad may complain about a lack of notice for dismissal on grounds not addressed by the property owners' motion, Goad should consider this report and recommendation as notice of the court's consideration of those grounds.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[18]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[19]  Additionally, failure to file timely written objections

---

[18] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

[19] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[20]

**SIGNED** on October 1, 2008.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[20]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).