**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DAVID GOAD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **TOMMY ANDERSON;** | § | |
| **DAVE CAFFEY;** | § | |
| **ROBERT DELONG;** | § | |
| **LEO GATES;** | § | **CIVIL ACTION NO.** |
| **DARRELL GODFREDSON;** | § | |
| **FRED HALL;** | § | **SA-08-CV-0674 FB (NN)** |
| **JIM HOHLT;** | § | |
| **MICHAEL MEEKS;** | § | |
| **TERRY O'MAHONEY;** | § | |
| **TONY OTTO;** | § | |
| **LONNIE PENCE;** | § | |
| **A. PARKER WOOD;** | § | |
| **RICHARD WILFONG;** | § | |
| **GUADALUPE COUNTY;** | § | |
| **GENE MAYES,** | § | |
| **Guadalupe County Pct. 4 Constable;** | § | |
| **SHERIFF ARNOLD ZWICKE; and** | § | |
| **RONALD PATTON,** | § | |
| | § | |
| **Defendants.** | § | |

**SECOND REPORT AND RECOMMENDATION**

To:   **Honorable Fred Biery**
        **United States District Judge**

This report and recommendation addresses plaintiff David Goad's motion for a

preliminary injunction.[1]  The report also supplements my first report and recommendation by

---

[1]Docket entry # 3.

recommending disposition of Goad's claim under 42 U.S.C. § 1983.[2]  Although Goad asked for injunctive relief on each of his civil rights claims, this report and recommendation focuses on Goad's claim under 42 U.S.C. § 1983 because I have already recommended dismissal of Goad's claims under 42 U.S.C. § 1982 and 42 U.S.C. § 1985.  The first report and recommendation referred to defendants Tommy Anderson, Dave Caffey, Robert Delong, Leo Gates, Darrell Godfredson, Fred Hall, Jim Hohlt, Michael Meeks, Terry O'Mahoney, Tony Otto, Ronald Patton, Lonnie Pence, A. Parker Wood, and Richard Wilfong as the "property owners."  This report and recommendation uses the same reference.  I have authority to make my recommendations pursuant to the district court's order of referral.[3]

Goad's motion for preliminary injunction.  In his motion for a preliminary injunction, Goad asked for injunctive relief to prevent the defendants from acting in concert to deprive him "and others in the Zuehl Airfield community of their lawfully protected rights including: the right to engage in interstate and foreign commerce and the business of their choosing, the right to the free use of their real property and personal property at Zuehl Airfield, and the right to live free from acts or threats of intimidation, oppression, violence, and harassment."[4]  Although the motion loosely referred to Goad's claims under 18 U.S.C. § 1962 (RICO) and 18 U.S.C. § 1951 (Hobbs Act), most of the motion referred to Goad's civil rights claims.  Because of the predominance of those references, I interpreted the motion as seeking injunctive relief based on

---

[2]*See* docket entry # 56 (advising that I had scheduled a hearing on the motion for preliminary injunction and stating that I would recommend disposition of the plaintiff's section 1983 cause of action after the hearing).

[3]Docket entry # 4.

[4]Docket entry # 7, p. 1.

Goad's civil rights claims.  I scheduled a hearing on Goad's motion and instructed Goad to focus his presentation on two problem areas: (1) standing to seek relief on behalf of others, and (2) proving state action.[5]  The hearing was conducted on October 10, 2008.  After conducting the hearing and reviewing the documents which are part of the record, I determined that Goad lacks standing to seek relief on behalf of others and Goad cannot demonstrate a substantial likelihood of success on the merits on his section 1983 claim.  Consequently, I recommend denying Goad's request for injunctive relief.

Standards for obtaining injunctive relief.  "A preliminary injunction is an extraordinary remedy.  It should only be granted if the movant has clearly carried the burden of persuasion on . . . four . . . prerequisites."[6]  "Before a preliminary injunction may issue, the plaintiff[] must show that (1) there is a substantial likelihood [he] will prevail ultimately on the merits, (2) there is a substantial danger [he] will suffer irreparable injury if an injunction does not issue, (3) the threatened injury outweighs any harm to the defendant resulting from the injunction, and (4) the injunction will not harm the public interest."[7]  This recommendation addresses only one of these prerequisites: likelihood of success on the merits.  Because Goad lacks standing to seek relief on behalf of others and because he cannot prove the required state action, he is unable to demonstrate substantial likelihood of success on the merits of his section 1983 claim and entitlement to preliminary injunctive relief.

[5]Docket entry # 55.

[6]*Mississippi Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621 (5th Cir. Miss. 1985).

[7]*Hull v. Quitman County Bd. of Educ*., 1 F.3d 1450, 1453 (5th Cir. 1993).

3

Standing.  "A question of standing raises the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues."[8]  To have standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."[9]  A plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."[10]  The party invoking federal jurisdiction bears the burden of establishing the[] elements [of standing].[11]

No question exists that Goad has standing to seek injunctive relief on his own behalf. Goad has alleged that the defendants have violated the Fourteenth Amendment by denying him the right to acquire, enjoy, own and dispose of property by constructing and maintaining a fence without proper authority that prevents him from accessing Zuehl Airfield and conducting his business.[12]  Goad maintains that the fence deprives him of the use of his aircraft, equipment and other property because his property is now landlocked and he has no means to access the adjacent airfield.[13]  These allegations constitute a "personal injury fairly traceable to the defendant's

---

[8]*Pederson v. Louisiana St. Univ.*, 213 F.3d 858, 869 (5th Cir. 2000).

[9]*Allen v. Wright*, 468 U.S. 737, 751 (1984).

[10]*Warth v. Seldin*, 422 U.S. 490, 499 (1975).

[11]*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

[12]*See* docket entry #s 6 & 7.

[13]When I questioned the property owners about the purpose of the fence, their attorney stated that the fence prohibited cattle from entering the airfield and that the property owners had a state-court judgment permitting them to construct the fence.  Testimony presented at the hearing indicates that there are no cattle north of the fence that could wander onto the airfield. The state-court judgment specifically referred to property owned by third party Jim MacIvor and

allegedly unlawful conduct and likely to be redressed by the requested relief."[14]

While the injury is personal to Goad and fairly traceable to the defendants' actions, Goad has not shown that he has standing to seek relief on behalf of any other person. In his complaint, Goad refers to two other people who own property at Zuehl Airfield whose access to the airfield has been restricted.[15] Other than this reference, Goad did not allege a particular injury sustained by another person. When questioned about why he has standing to seek injunctive relief on behalf of others, Goad stated that the denial of justice to himself places at risk all of the liberties and freedoms of all citizens. While that point is arguable, Goad may not "rest his claim to relief on the legal rights or interests of third parties."[16] Goad lacks standing to seek relief on behalf of others.

State action and defendants Guadalupe County, Sheriff Arnold Zwicke and Constable Gene Mayes. "Title 42 U. S. C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . .'"[17] "[I]n a § 1983 action brought against a state official, the statutory requirement of action 'under color of

_____

MacIvor's large aircraft. Plaintiff Goad was not a party to that prior state court proceeding. Nothing in the state-court judgment suggests that the property owners were permitted to fence-out Goad's property. *See* docket entry # 62, exh. 6.

[14]*Allen*, 468 U.S. at 751.

[15]Docket entry # 6, p. 17.

[16]*See Warth*, 422 U.S. at 499.

[17]*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (quoting section 1983).

state law' and the 'state action' requirement of the Fourteenth Amendment are identical."[18]  "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."[19]

Goad has sued three state actors—Guadalupe County, Sheriff Zwicke and Constable Mayes.  Goad alleges that the sheriff's deputy and the constable—acting as County representatives—stood guard when the fence was erected.[20]  During the hearing, a property owner who is not a party in this case testified that he observed law enforcement officers stand guard as the fence was constructed and that the constable told him that he was there to keep the peace.  The witness stated that since the fence was constructed, law enforcement officers have regularly visited Zuehl Airfield, patrolling the fence line.  Comparing the frequency of visits before fence construction with the frequency after fence construction, the witness testified that law enforcement officers visit Zuehl Airfield 50 times more often than before, observing that law enforcement officers often stop at defendant Terry O'Mahoney's property.  A second witness, a deputy constable, testified that he was dispatched to the airfield the week prior to the hearing to serve as a civil stand-by as the fence was repaired.

These actions may have been taken by persons acting under color of state law, but these actions did not deprive Goad of rights, privileges, or immunities secured by the Constitution or

---

[18]*Lugar*, 457 U.S. at 929.

[19]*Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

[20]Docket entry # 6, ¶ 13.  *See also* docket entry # 7, p. 5.

laws of the United States.  Construction of the fence—not standing guard or patrolling—has deprived Goad of the right to acquire, enjoy, own and dispose of his property.  The fence—not governmental action—prevents Goad from accessing Zuehl Airfield and conducting his business. Where the complained-about action does not deprive the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, the plaintiff has failed to state a claim upon which relief may be granted.

Here plaintiff includes the allegation that the sheriff and the constable conspired with the property owners to construct the fence.[21]   However, the evidence presented at the hearing suggests that the state actors did no more than observe the construction of the fence and maintain the peace.[22]  Plaintiff's allegations that the sheriff or constable conspired with the property owners to deprive Goad of his property by constructing the fence does not rise above the level of speculation.[23]  Where an allegation fails to rise above the level of speculation, the plaintiff fails to state a claim upon which relief may be granted.  Consequently, Goad cannot show a substantial likelihood of success of the merits of his claim.  Guadalupe County, Sheriff Zwicke, and Constable Mayes are entitled to dismissal of Goad's section 1983 claim for failing to state a claim.

State action and the property owner defendants.  To sue private actors under section 1983,

---

[21]*See* docket entry # 7, § 3.

[22]Goad has not alleged that the County, the sheriff or the constable own property at Zuehl Airfield.

[23]*In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

the plaintiff must show state action.  In determining whether state action exists, "no one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason against attributing activity to the government."[24]  The Supreme Court has instructed that "a challenged activity may be state action when it results from the State's exercise of 'coercive power,' when the State provides 'significant encouragement, either overt or covert,' or when a private actor operates as a 'willful participant in joint activity with the State or its agents.'"[25]  The Court has "treated a nominally private entity as a state actor when it is controlled by an 'agency of the State,' when it has been delegated a public function by the State, when it is 'entwined with governmental policies,' or when government is 'entwined in [its] management or control.'"[26] "[A] private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment."[27]

Goad's allegation and the evidence presented at the hearing are insufficient to characterize the property owners as state actors.  No evidence exists that the property owners jointly participated with state officials in the seizure of Goad's property by constructing the fence.  The non-party property owner testified that he did not observe the sheriff's deputy or the

---

[24]*Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-96 (2001).

[25]*Brentwood Academy*, 531 U.S. at 296 (citations omitted).

[26]*Brentwood Academy*, 531 U.S. at 296 (citations omitted).

[27] *Lugar*, 457 U.S. at 941.

constable assist in constructing the fence.  Instead, it appears the property owners acted on their own to construct the fence.  Goad's allegations suggest individual action on the part of the property owners—not joint participation with state actors.  Goad alleges that the property owners unlawfully usurped positions of power within the Zuehl Flying Community Association and that they use the Association's power to intimidate, oppress and control the Zuehl Airfield Flying Community.[28]  Goad has not alleged that the construction of the fence resulted from the State's exercise of coercive power, but rather the property owners' exercise of coercive power.  Goad has not alleged that the property owners operated as willful participants in joint activity with Guadalupe County, Sheriff Zwicke or Constable Mayes.  Goad has not alleged that the property owners are controlled by a governmental agency, that the County has delegated a public function to the property owners, that the property owners are entwined with governmental policies, or that the county, sheriff or constable are entwined in the management or control of the Zuehl Flying Community Association.   Goad's allegations and the evidence of state action are insufficient to characterize the property owners as state actors for the purposes of section 1983.  Without evidence of state action, there is no likelihood that Goad will prevail on his section 1983 cause of action.

Recommendation.  I recommend the Court deny Goad's motion for preliminary injunction asserted on behalf of nonparties (docket entry # 3) because Goad lacks standing to sue on behalf of others.  I further recommend denying the motion for preliminary injunction as to the property owners because Goad cannot prove state action.  I recommend dismissing Goad's section 1983 claim against the property owners for failure to state a claim because the property

---

[28]Docket entry # 7, p. 6.

owners are not state actors.  I recommend denying the motion for preliminary injunction as to Guadalupe County, Sheriff Zwicke and Constable Mayes because the actions of those defendants did not deprive Goad of the use of his property.  For the same reason, I recommend dismissing Goad's section 1983 cause of action against Guadalupe County, Sheriff Zwicke and Constable Mayes for failure to state a claim.  Although I recommended dismissing Goad's other civil rights claims—claims under 42 U.S.C. § 1982 and 42 U.S.C. § 1985—in my first report and recommendation, this recommendation concerning the preliminary injunction also applies to Goad's claims for preliminary relief which may have been premised on 42 U.S.C. § 1982 and 42 U.S.C. § 1985.

If the district judge accepts these recommendations, as well as the recommendations in my first report and recommendation, only one claim will remain—*i.e.*, Goad's RICO cause of action against all defendants.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[29]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are

---

[29]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[30]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[31]

   **SIGNED** on October 17, 2008.


                                           *Nancy Stein Nowak*
                                           NANCY STEIN NOWAK
                                           UNITED STATES MAGISTRATE JUDGE

---

[30]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[31]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).