IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID GOAD, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| TOMMY ANDERSON; | § | |
| DAVE CAFFEY; | § | |
| ROBERT DELONG; | § | |
| LEO GATES; | § | CIVIL ACTION NO. |
| DARRELL GODFREDSON; | § | |
| FRED HALL; | § | SA-08-CV-0674 FB (NN) |
| JIM HOHLT; | § | |
| MICHAEL MEEKS; | § | |
| TERRY O'MAHONEY; | § | |
| TONY OTTO; | § | |
| LONNIE PENCE; | § | |
| A. PARKER WOOD; | § | |
| RICHARD WILFONG; | § | |
| GUADALUPE COUNTY; | § | |
| GENE MAYES, | § | |
| Guadalupe County Pct. 4 Constable; | § | |
| SHERIFF ARNOLD ZWICKE, and | § | |
| RONALD PATTON, | § | |
| | § | |
| Defendants. | § | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This report and recommendation supplements the report and recommendation filed on October 17, 2008,[1] addressing plaintiff David Goad's motion for preliminary injunctive relief for a section 1983 claim. I recommended: (1) denying the motion as asserted on behalf of nonparties because Goad lacks standing to sue on behalf of others; (2) denying the motion as to the defendant property owners because Goad did not demonstrate a substantial likelihood of success

---

[1]Docket entry # 73.

on the merits due to the absence of state action; and (3) denying the motion for preliminary injunction as to defendants Guadalupe County, Sheriff Zwicke and Constable Mayes because they did not deprive Goad of the use of his property. I went on to recommend dismissing Goad's section 1983 for the same reasons. Since that time, Goad objected to the second report and recommendation and presented additional evidence, which permits him to survive the defendants' motion to dismiss. This supplemental report discusses some of the additional evidence.

Goad bases his section 1983 claim on a theory of liability discussed by the Supreme Court in *Lugar v. Edmondson Oil Company*.[2] In *Lugar*, the Court stated that "[j]oint action with a state official to accomplish a prejudgment deprivation of a constitutionally protected property interest will support a § 1983 claim against a private party."[3] The Court explained that a private actor can be held liable under section 1983 for a property deprivation if "he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."[4] In his objections, Goad presented evidence that may be construed as aid from state officials and/or conduct chargeable to the State.

Goad presented evidence that Sheriff Zwicke arrested Dorothy Golding—the original developer of the Zuehl Airfield subdivision—the day after she testified in support of Goad's motion for a preliminary injunction.[5] Golding testified about the development of Zuehl Airfield,

---

[2] 457 U.S. 922, 937 (1982).

[3] *Lugar*, 457 U.S. at 928 n.6.

[4] *Lugar*, 457 U.S. at 937.

[5] Docket entry # 84, exh. H.

to include Goad's property. Golding testified that there were no cattle north of the fence that blocks Goad's access to the airfield, such that a fence is not needed to prevent cattle from wandering onto the airfield. The defendants did not challenge Golding's truthfulness. The following day, the sheriff arrested Golding for perjury in connection with her testimony. Golding was held overnight and allowed to post bail the next day. In contrast, defendant Godfredson was arrested the same day in connection with an assault committed on Golding's son four months earlier.[6] Goad provided an eye-witness account of the assault in his complaint.[7] Unlike Golding, Godfredson was taken to a state court judge, permitted to post bail and returned home to Zuehl Airfield.[8]

Goad also presented evidence that the sheriff has threatened to arrest non-party property owner James MacIvor on four occasions, if MacIvor interfered with the fence that blocks Goad's access Zuehl Airfield. The sheriff and the constable stood-by as the defendant property owners built the fence. The fence also blocks MacIvor's access to the airfield. In his affidavit, MacIvor described his efforts to resolve the controversy over the fence and access his property. MacIvor's description of his experience implicates not only the sheriff, but the sheriff's attorney—the Guadalupe County Attorney.[9] The alleged events are the type of overt, official involvement considered by the Supreme Court in opinions determining that a plaintiff can state a section 1983

---

[6] Docket entry # 84, p. 2.

[7] *See* docket entry # 6, exh. G.

[8] Docket entry # 84, p. 2 & exh. H.

[9] *Id*. at exh. J.

claim against a private actor.[10]

In addition, Cheryl Rickman—a former property owner at Zuehl Airfield and a former member of the Zuehl Airport Flying Community Owners Association Board of Directors—attested that she was forced to sell her property at Zuehl Airfield at a loss, after she opposed the actions of members of the board named as defendants in this lawsuit.[11] Rickman's claims of deadly harassing actions and denial of access to the airfield parallel Goad's allegations. If permitted, Rickman would undoubtably testify about her experience with the defendants, as she attested in her affidavit.

While this additional evidence does not change my recommendation on Goad's request for injunctive relief, it changes my recommendation for dismissal of Goad's section 1983 claim.

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[12]

---

[10] *See Lugar,* 457 U.S. at 942 (determining that corporate creditor acted under color of state law where it used state procedure to attach debtor's property using ex parte application); *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (stating that "[p]rivate persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions."); *N. Ga. Finishing v. Di-Chem*, 419 U.S. 601, 607 (1975) (striking down a state garnishment statute because it permitted a clerk to issue a writ of garnishment based on a creditor's affidavit—an affidavit without personal knowledge of the facts and based on conclusory allegations—with no participation by a judge); *Fuentes v. Shevin*, 407 U.S. 67, 96 (1972) (holding that two state prejudgment replevin statutes deprived property owners of due process because the statutes did not provide for a hearing before the property was taken from the possessor).

[11] Docket entry # 84, exh. K.

[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

In the second report and recommendation, I characterized Goad's section 1983 allegation that the sheriff or constable conspired with the property owners to deprive Goad of his property by constructing the fence as failing to rise above the level of speculation, and his evidence of state action as insufficient to characterize the property owners as state actors. Goad's additional evidence changes my recommendation. Considering all of the evidence now before the district court, Goad's allegation that the sheriff or constable conspired with the property owners to deprive Goad of his property by constructing the fence rises above the level of speculation and his evidence of state action is sufficient for purposes of a Rule 12(b)(6) motion. I WITHDRAW my recommendation for dismissal of Goad's section 1983 claim—Goad has presented enough to survive the defendants' motion to dismiss. He should be permitted to proceed with the prosecution of his section 1983 claim.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[13] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous,

---

[13] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[14] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[15]

      **SIGNED** on November 24, 2008.

*(signature)*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[14] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[15] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).